# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KEN JOSEPH, | : |
| | : |
| Plaintiff, | : |
| | : CIVIL ACTION NO. |
| v. | : 1:18-cv-03443-AT-RGV |
| | : |
| EXPERIAN INFORMATION | : |
| SOLUTIONS, INC., *et al.*, | : |
| | : |
| Defendants. | : |

## ORDER

Plaintiff Ken Joseph ("Joseph"), proceeding *pro se*, seeks to file this civil action under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., without prepayment of fees and costs or security therefor pursuant to 28 U.S.C. § 1915(a). [Doc. 1].[1]  After consideration by the Court of Joseph's affidavit of indigency, Joseph's motion to proceed *in forma pauperis* is hereby **GRANTED**, and he shall be allowed to proceed with this action without prepayment of docket costs or United States Marshals Service fees.  However, the Court must also determine whether Joseph's proposed complaint is frivolous and, if so, must dismiss it without prejudice.  See 28 U.S.C. § 1915(e)(2); Neitzke v. Williams, 490 U.S. 319, 324 (1989).

---

[1] The listed document and page numbers in citations to the record in this Order refer to the document and page numbers shown on the Adobe file reader linked to the Court's electronic filing database, CM/ECF.

A complaint is frivolous if "it lacks an arguable basis either in law or in fact," Neitzke, 490 U.S. at 325, or "if the 'plaintiff's realistic chances of ultimate success are slight,'" Clark v. State of Ga. Pardons & Paroles Bd., 915 F.2d 636, 639 (11th Cir. 1990) (quoting Moreland v. Wharton, 899 F.2d 1168, 1170 (11th Cir. 1990) (per curiam)). Under 28 U.S.C. § 1915(e), the Court must dismiss the case if it determines that it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Neitzke, 490 U.S. at 327; Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). "Unsupported conclusory factual allegations also may be 'clearly baseless.'" Craven v. Florida, No. 6:08-cv-80-Orl-19GJK, 2008 WL 1994976, at *4 (M.D. Fla. May 8, 2008), adopted at *2.

Moreover, in order to state a claim on which relief can be granted, Joseph's allegations must comply with Rule 8 of the Federal Rules of Civil Procedure, which provides in relevant part: "A pleading . . . must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different

types of relief." Fed. R. Civ. P. 8(a).  A complaint should not consist of vague and conclusory allegations, but must clearly state a cause of action.  See Ransom v. Colonial Counseling Assocs., No. 6:08-cv-2056-Orl-31KRS, 2009 WL 88490, at *2 (M.D. Fla. Jan. 12, 2009), adopted at *1.  Joseph must clearly state what rights under the Constitution, laws, or treaties of the United States have been violated and how they support the allegations set forth in the complaint.  See 28 U.S.C. § 1331.  However, because Joseph is proceeding *pro se*, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) (citations and internal marks omitted).[2]

Joseph's complaint names Experian Information Solutions, Inc. ("Experian"), Trans Union LLC ("Trans Union"), Equifax, Inc. ("Equifax"), and Equifax Information Services, LLC ("EIS"),[3] as defendants in this action, and asserts that defendants "repeatedly failed to comply with [his] multiple requests for a full

---

[2] Although *pro se* pleadings are governed by less stringent standards than pleadings prepared by attorneys, see Haines v. Kerner, 404 U.S. 519, 520 (1972); Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), *pro se* parties are still required to comply with minimum pleading standards set forth in the Federal Rules of Civil Procedure and this district's Local Rules, Grew v. Hopper, No. 2:07-cv-550-FtM-34SPC, 2008 WL 114915, at *2 (M.D. Fla. Jan. 9, 2008).

[3] Experian, Trans Union, Equifax, and EIS will be collectively referred to as "defendants."

consumer file disclosure pursuant to 15 U.S.C. § 1681g(a)(1)."[4] [Doc. 1-1 at 13 ¶ 56, 14 ¶¶ 60, 64 (emphasis omitted)]. According to the complaint, Joseph "wr[o]te to each of the [d]efendants directly and made a . . . specific request to obtain his full consumer file disclosure . . . [not] just as conventional credit report." [Id. at 6 ¶ 18 (emphasis omitted)]. In response, Joseph alleges that he received "a dispute results letter" from Experian, [id. at 6 ¶¶ 19-20 (emphasis omitted)], a "'[c]redit file, commonly refer[red] to as a Consumer Credit Report'" from Equifax, [id. at 6-7 ¶¶

---

[4] 15 U.S.C. § 1681g(a)(1) provides:

Every consumer reporting agency shall, upon request, and subject to section 1681h(a)(1) of this title, clearly and accurately disclose to the consumer:

(1) All information in the consumer's file at the time of the request, except that–

(A) if the consumer to whom the file relates requests that the first 5 digits of the social security number (or similar identification number) of the consumer not be included in the disclosure and the consumer reporting agency has received appropriate proof of the identity of the requester, the consumer reporting agency shall so truncate such number in such disclosure; and

(B) nothing in this paragraph shall be construed to require a consumer reporting agency to disclose to a consumer any information concerning credit scores or any other risk scores or predictors relating to the consumer.

15 U.S.C. § 1681g(a)(1).

21-22 (emphasis omitted)], and a "'Personal Credit Report'" from Trans Union, [id. at 7 ¶¶ 23-24 (emphasis omitted)]. Joseph further alleges that after "receiving a response from each [d]efendant that did not comply with the request made," he "made a second and final written request for a full consumer file disclosure" to each defendant. [Id. at 7 ¶ 27 (emphasis omitted)]. He again received a "'Disputed Result'" letter from Experian, a "'[c]redit file, commonly called a Consumer Credit Report,'" from Equifax, and a "'TransUnion Personal Credit Report'" from Trans Union. [Id. at 8 ¶¶ 29-31 (emphasis omitted)].

Joseph also alleges that he "was well aware of the recent hack of the Equifax database and had reason to believe that more information than he had ever received in a conventional credit report in the past had been stolen just from the mass publicity surrounding the hack and his study of the consumer protection statutes," but that he "had no direct knowledge of specific information regarding himself that might be in [d]efendants' file(s)." [Id. at 8-9 ¶ 35]. He claims that upon "information and belief[,] there is substantial information relating to [him] that is contained in all [d]efendants' files that has not been disclosed to him including, but not limited to, information that was previously shown in his credit reports" that was "archived and additional information that [was] provided to prospective creditors, insurers or employers who request information on [him]," the information that was

"not disclosed to [him] may contain negative codes or erroneous account information," that the undisclosed information "could be blatantly false or at the least misleading," and that upon "information and belief [d]efendants have far more information relating to [him] in their file(s) and/or database(s)[.]" [Id. at 9-10 ¶¶ 37-40]. Joseph explains that he "is not making any claim regarding information that [has] been provided to a third party that he is aware of," but that his claim "revolves around the fact that he has not had access to [all] information in his full consumer file that may have been at some time in the past provided to an unknown third party or [might] be provided at some time in the future to a third party[.]" [Id. at 11 ¶ 42 (emphasis omitted)].

While Joseph has attempted to assert claims against the defendants under the FCRA, the allegations contained in his complaint do not adequately state a claim under the FCRA that is plausible on its face. Joseph "fails to allege facts sufficient to support his claims [d]efendants failed to disclose his full consumer file disclosure." Scott v. Experian Info. Sols., Inc., CASE NO. 18-CV-60178-ALTONAGA/Seltzer, 2018 WL 3360754, at *6 (S.D. Fla. June 29, 2018). The complaint "is replete with conclusory allegations, made upon [Joseph's] 'information and belief,' none of which are supported by any facts." Id. Joseph "merely alleges upon information and belief that the following types of information

were missing from [d]efendants' disclosures: (1) information that was previously shown in his credit reports and additional information that [was] provided to prospective creditors, insurers or employers who request[ed] information on [him] that [he] has never seen or [was] aware of; (2) negative codes among other things that [were] provided to prospective creditors, insurers or employers; and (3) far more information relating to [him] in their files and databases including archived information." Id. (internal citations and internal marks omitted); see also [Doc. 1-1 at 9-10 ¶¶ 37-38, 40].

Joseph simply identifies defendants' responses to his requests for his full consumer file disclosure by title, see [Doc. 1-1 at 6 ¶ 20, 7 ¶¶ 22, 24, 8 ¶¶ 29-31], without alleging why the content of defendants' responses failed to constitute his full consumer file disclosure. For example, he "does not point to what information is actually missing from what he received from [d]efendants or what specific facts lead him to accuse [d]efendants of failing to meet their disclosure requirements under the FCRA." Scott, 2018 WL 3360754, at *7 (citation omitted). "In fact, [Joseph] admits he is not 'making any claim whatsoever regarding information that HAS been provided to a third party . . . .'" Id. (second alteration in original) (citation omitted); see also [Doc. 1-1 at 11 ¶ 42]. "Rather, he alleges he is unable to access all information in his full consumer file that 'may have been at some time in the past

provided to an unknown third party or MIGHT be provided at some time in the future to a third party and he is entitled by law to review and have access to for accuracy.'" Scott, 2018 WL 3360754, at *7 (citation omitted); see also [Doc. 1-1 at 11 ¶ 42]. "The words 'might' and 'may' signal [Joseph] is speculating." Scott, 2018 WL 3360754, at *7. "Tellingly, he alleges '[o]ne can only surmise' the information [d]efendants share with third parties 'must obviously contain information that the consumer has never seen and the consumer reporting agencies don't want him or her to see for some unknown reason.'" Id. (first alteration in original) (citation omitted); see also [Doc. 1-1 at 12 ¶ 46]. Joseph "simply claims after the recent hack of Equifax's database, he has 'reason to believe that there was more information,' all the while acknowledging he has no 'direct knowledge' of the information his full consumer file disclosures might contain." Scott, 2018 WL 3360754, at *7 (emphasis and citation omitted); see also [Doc. 1-1 at 8-9 ¶ 35].

The "speculative guesswork" in Joseph's complaint "fails to state facts sufficient to support the claims against [d]efendants." Scott, 2018 WL 3360754, at *7 (footnote omitted). Therefore, Joseph's complaint does not meet the requirements of Rule 8 of the Federal Rules of Civil Procedure. See Davis v. Capital One Auto Fin., CIVIL ACTION FILE NO. 1:17-CV-1706-WSD-WEJ, 2017 WL 9477694, at *4 (N.D. Ga. Aug. 18, 2017), adopted by 2017 WL 4129647, at *3 (N.D. Ga. Sept. 18,

2017) (citation omitted) ("Because the Amended Complaint merely speculates as to the possibility that defendant violated the FCRA and fails to present 'enough facts to raise a reasonable expectation that discovery will reveal,' unlawful conduct, that claim fails as matter of law."); Hinkle v. CBE Grp., No. CV 311-091, 2012 WL 681468, at *3 (S.D. Ga. Feb. 3, 2012), adopted by 2012 WL 676267, at *1 (S.D. Ga. Feb. 29, 2012) (citations omitted) ("Put plainly, the factual matter offered by Plaintiff in her amended complaint establishes nothing beyond speculation as to the "mere possibility" of a violation of the FCRA, without presenting "enough fact to raise a reasonable expectation that discovery will reveal" unlawful conduct."); Edwards v. Auto Showcase Motorcars of Palm Beach, LLC, No. 09-80932-CIV, 2010 WL 1524289, at *2 (S.D. Fla. Apr. 14, 2010) (finding complaint that consisted of plaintiff's "guess work" "fail[ed] to allege or provide reasonably specific facts or occurrences sufficient to support a claim under the FCRA").

For the foregoing reasons, Joseph's request to proceed *in forma pauperis*, [Doc. 1], is **GRANTED**, but the Court will reserve ruling on the frivolity determination and permit him an opportunity to replead his claims.  Accordingly, Joseph is hereby **ORDERED** to replead his complaint within **fourteen (14)** days of the date of this Order to address the deficiencies discussed herein or face a recommendation of dismissal of this action.  Joseph is advised that he must set forth allegations that state

a plausible claim under the FCRA and the Federal Rules of Civil Procedure.[5] Joseph is admonished that failure to comply with any of the instructions within this Order and failure to timely file the amended complaint will result in a recommendation that this action be dismissed. The Clerk is further **DIRECTED** to resubmit this matter to the undersigned Magistrate Judge upon Joseph's filing of an amended

---

[5] Joseph is advised that because "'[a]n amended pleading supersedes the former pleading[,] the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'" Oliver v. M/V BARBARY COAST, No. CA 11–0223–KD–C, 2011 WL 3902863, at *1 (S.D. Ala. Aug. 26, 2011), adopted in part by 2011 WL 3902821, at *1 (S.D. Ala. Sept. 6, 2011) (first alteration in original) (quoting Kaloe Shipping Co. Ltd. v. Goltens Serv. Co., 315 F. App'x 877, 879 (11th Cir. 2009) (per curiam) (unpublished)). In addition, the Court notes that Joseph is familiar with the pleading requirements of the Federal Rules of Civil Procedure as he has filed numerous cases in this court. See Joseph v. Fifth Third Bank, Inc., Civil Action No. 1:17-cv-02118-AT, at [Doc. 1] (N.D. Ga. June 9, 2017); Joseph v. Credit One Bank, Civil Action No. 1:16-cv-04034-AT, at [Doc. 1] (N.D. Ga. Oct. 28, 2016); Joseph v. Barclays Bank Delaware, Civil Action No. 1:16-cv-00030-AT, at [Doc. 1] (N.D. Ga. Jan. 5, 2016); Joseph v. Barclays Bank Delaware, Civil Action No. 1:16-cv-00029-AT, at [Doc. 1] (N.D. Ga. Jan. 5, 2016); Joseph v. NCO Fin. Sys., Inc., Civil Action No. 1:15-cv-01269-AT, at [Doc. 1] (N.D. Ga. Apr. 21, 2015); Joseph v. Nationstar Mortg., LLC, Civil Action No. 1:15-cv-00596-WBH, at [Doc. 1] (N.D. Ga. Feb. 27, 2015); Joseph v. National Note Grp., LLC, Civil Action No. 1:14-cv-01134-WBH, at [Doc. 1] (N.D. Ga. Apr. 16, 2014); Joseph v. ARS National Servs., Inc., Civil Action No. 1:13-cv-04123-JEC, at [Doc. 1] (N.D. Ga. Dec. 13, 2013); Joseph v. Nationstar Mortgage, LLC, Civil Action No. 1:13-cv-04122-WBH, at [Doc. 1] (N.D. Ga. Dec. 13, 2013); Joseph v. NCO Fin. Sys., Inc., Civil Action No. 1:13-cv-03042-JEC, at [Doc. 1] (N.D. Ga. Sept. 11, 2013).

complaint or the expiration of **fourteen (14)** days from the date of this Order, whichever first occurs.

    **IT IS SO ORDERED**, this 3rd day of August, 2018.

                                           */s/ Russell G. Vineyard*
                                           RUSSELL G. VINEYARD
                                           UNITED STATES MAGISTRATE JUDGE